# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-2106
Filed March 11, 2026

————————————

**In the Interest of B.M. and B.M., Minor Children,**

**M.M., Mother,**
Appellant.

————————————

Appeal from the Iowa District Court for Clay County,
The Honorable Shawna L. Ditsworth, Judge.

————————————

**AFFIRMED**

————————————

Michael H. Johnson of Johnson Law Firm, Spirit Lake, attorney for
appellant mother.

Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney
General, attorneys for appellee State.

Lisa K. Mazurek, Cherokee, attorney and guardian ad litem for minor
children.

————————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

A mother appeals the order terminating her parental rights to twins, born in 2022.[1] She challenges the sufficiency of the evidence showing the grounds for termination and that termination is in the children's best interests. Because clear and convincing evidence supports terminating the mother's parental rights and termination is in the children's best interests, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

The children came to the attention of the Iowa Department of Health and Human Services (HHS) in August 2023 due to concerns about the mother's mental health, substance use, and inability to supervise the children. The mother admitted to being the children's sole caretaker, using methamphetamine in the family home, and driving while under the influence. It was also alleged that the mother was using alcohol and marijuana. The juvenile court removed the children from the mother's custody, and the children were placed in foster care. In October, the court adjudicated the children in need of assistance (CINA).

After the children's removal, the mother enrolled in a residential substance-abuse treatment program. It was expected that the children would join her at the treatment program, but the mother did not believe the program was a good place for children. The mother completed inpatient treatment in February 2024. HHS expected to begin transitioning the children back home once the mother started therapy and outpatient treatment. But the mother moved to a different area and needed a new substance-use evaluation before

---

[1] The juvenile court also terminated the father's parental rights, but he is not a party to this appeal.

continuing with outpatient treatment. By July, the mother had lost her job, had withdrawn from mental-health services, and still needed to complete the new evaluation. She relapsed by using methamphetamine in August.

The juvenile court delayed permanency for six months to give the mother more time to address the concerns that led to the CINA adjudication. The mother completed a substance-use evaluation and followed the recommendations, which included extended outpatient treatment. Another trial home placement was planned for February 2025 once the mother found daycare. But around that time, concerns arose about the mother's alcohol use. The mother's compliance with substance-use and mental-health treatment had begun to falter with the mother saying she wanted to quit. Due to the mother's high risk of relapsing, the children stayed in foster care.

In April 2025, the mother again admitted she relapsed by using alcohol and methamphetamine. The mother did not feel that she needed inpatient treatment but enrolled in a residential treatment program in May as recommended. The mother completed one hundred days in the program and was discharged. On the way home, the mother stole and consumed an alcoholic beverage at a gas station. She admitted using alcohol again in September, claiming she did so only to cope with pain from a tooth extraction.

The State petitioned for termination of parental rights. After a hearing, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(h) (2025). The mother appeals.

## SCOPE AND STANDARD OF REVIEW

We review termination-of-parental-rights proceedings de novo. *In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021). While not binding on us, we give

weight to the juvenile court's fact findings, "particularly with respect to credibility determinations." *Id.*

# DISCUSSION

## I. Did the State prove the statutory grounds for termination?

The mother first contends that the juvenile court erred by finding the State proved the grounds for termination under Iowa Code section 232.116(1)(h). Termination under section 232.116(1)(h) requires proof that all of the following have occurred:

(1) The child is three years of age or younger.

(2) The child has been adjudicated a [CINA] pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother focuses on the fourth of these elements.

Clear and convincing evidence shows the children could not be safely returned to the mother's custody at the time of the termination hearing. The juvenile court adjudicated the children CINA due to concerns about the mother's substance use and mental health. Those concerns persisted more than two years later. During that time, the mother enrolled in three substance-use treatment programs, and she stayed sober during the intensive phase of treatment. But after completing that phase of treatment, the mother showed a pattern of behavior that led to relapses. As the HHS case manager described, the mother "gets overwhelmed, and then she starts drinking, and

4

then she stops taking meds, and her mental health declines. And then . . . she relapsed on meth." The evidence bears this out. When the mother neared a trial home placement with the children, her participation in services waned and she relapsed. The mother was discharged from the last program in August 2025, just three months before the termination hearing. She consumed alcohol at a gas station before she even got home, and she drank again less than one month later. At the time of the termination hearing, the children could not visit the mother without supervision let alone be returned to her custody. The evidence supports terminating the mother's parental rights under section 232.116(1)(h).

## II.     Does terminating the mother's parental rights serve the children's best interests?

The mother also contends termination is not in the children's best interests. In deciding a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). "[W]e look to the child's long-range as well as immediate interests, consider what the future holds for the child if returned to the parents, and weigh the child's safety and need for a permanent home." *In re L.T.*, 924 N.W.2d 521, 529 (Iowa 2019) (cleaned up). "[W]e look to the parents' past performance because it may indicate the quality of care the parent is capable of providing in the future." *In re J.H.*, 952 N.W.2d 157, 171 (Iowa 2020) (citation omitted).

In claiming that termination is not in the children's best interests, the mother emphasizes the progress she made during the CINA proceedings. She first notes that the record shows that she has housing, employment, and transportation. However, none of these were issues during the CINA

proceedings. The mother also emphasizes that she engaged in parenting classes and has the necessary skills to parent the children. But the concern with the mother's parenting abilities is tied to her substance use, which is unresolved. No amount of parenting classes can keep the children safe if the mother is using methamphetamine while caring for the children. *See, e.g.*, *In re J.B.-N.*, No. 25-1262, 2025 WL 3022957, at *2 (Iowa Ct. App. Oct. 29, 2025) ("Our court has long recognized that controlled substances like methamphetamine are particularly dangerous when it comes to child welfare.").

The mother also argues against termination by citing the bond she shares with the children. "A child's mental and emotional condition and needs is inherently impacted by the child's bond with a parent, so the parent-child bond is a relevant consideration in the best-interests analysis." *In re L.A.*, 20 N.W.3d 529, 535 (Iowa Ct. App. 2025). But despite the bond the children and mother share, the children are young and have been in foster care for most of their lives. They have bonded with the members of their foster family, who are willing to adopt the children to provide them with the permanency they need, which the mother has been unable to give them for over two years.

Finally, the mother argues against termination by citing the bond that the children share with a sibling who was in her custody at the time of the termination hearing. But as with the mother, the children have not lived with their sibling for most of their lives. And at the time of termination, HHS asked the juvenile court to remove the sibling from the mother's custody based on concerns about the mother's ability to remain sober. Weighing the children's young age, the length of time they have been in foster care, and how well they are doing in foster care against the uncertain future they would

6

face if the mother's parental rights remain intact, we agree that termination is in the children's best interests.  We therefore affirm the order terminating the mother's parental rights.

**AFFIRMED.**